IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2014 Session

# RAFIA N. KHAN, INDIVIDUALLY, AND IN HER CAPACITY AS TRUSTEE OF THE RAFIA N. KHAN IRREVOCABLE TRUST v. REGIONS BANK

**Appeal from the Chancery Court for Knox County**
**No. 173193-2      Daryl R. Fansler, Chancellor**

---

### No. E2010-01837-COA-R3-CV-FILED-NOVEMBER 12, 2014

---

This appeal arises from a disputed arbitration award. Rafia N. Khan ("Mrs. Khan"), individually, and as Trustee of the Rafia N. Khan Irrevocable Trust ("the Trust") sued Regions Bank ("the Bank") in the Chancery Court for Knox County ("the Trial Court") alleging that the Bank had committed unfair acts under the Tennessee Consumer Protection Act ("the TCPA") by refusing to release a lien on property owned by the Trust and pledged to secure the Khans' line of credit with the Bank. Mrs. Khan's husband previously had withdrawn $40,000 on the joint line of credit, a move Mrs. Khan opposed. Per the loan documents, the parties by an agreed order entered into arbitration. The arbitrator Robert P. Murrian ("the Arbitrator"), in a lengthy and detailed final award, found that the Bank was not liable for any unfair acts under the TCPA, that Mrs. Khan was not personally liable for the $40,000 loan made by the Bank to Mr. Khan, and that Mrs. Khan was not entitled to an order in the arbitration requiring the Bank to release the lien on the property. The Trial Court vacated the arbitration award. The Bank appeals. We hold, *inter alia*, that the Arbitrator rendered a sound, well-reasoned decision and award, and the Trial Court erred in vacating the award. We reverse the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Michael S. Kelley, Knoxville, Tennessee, for the appellant, Regions Bank.

Dan D. Rhea, Knoxville, Tennessee, for the appellees, Rafia N. Khan, individually, and in her capacity as Trustee of the Rafia N. Khan Irrevocable Trust.

# OPINION

## Background

The background facts of this long-running controversy are fairly straightforward. Mr. and Mrs. Khan obtained a joint line of credit from the Bank's predecessor secured by a deed of trust on residential property. Mrs. Khan had bought the property in 2004, and, later in 2004, she quitclaimed it to the Rafia N. Khan Irrevocable Trust. This property is where Mrs. Khan and her two children live. The joint line of credit dates from 2006, and it provided for credit up to $80,000. Mrs. Khan signed the credit agreement and disclosure in her individual capacity and signed the deed of trust both in her individual capacity and on behalf of the Trust.

In 2008, Mrs. Khan wanted to close the line of credit. There was some issue about whether or when the paperwork necessary to close the line of credit was processed finally. Before the final processing, Mr. Khan transferred $40,000 from the joint line of credit to his checking account. Mrs. Khan apparently was not consulted and did not approve of this move. The Khans have since divorced.

Mrs. Khan brought this lawsuit in both her individual capacity and as Trustee of the Rafia N. Khan Irrevocable Trust[1]. Mrs. Khan sought to have the Bank's refusal to release the lien on the residential property declared as an "unfair act" under the Tennessee Consumer Protection Act. Per the loan documents, the parties by an agreed order entered into arbitration. The Bank attempted to add Mr. Khan as a party to the arbitration, a move Mrs. Khan successfully opposed.

In November 2009, arbitration took place before the Arbitrator. The Arbitrator's findings as contained in the "Summary" section of the Interim Award and adopted in the Final Award, consisted of the following:

1. Ms. Khan has not proved that Regions Bank has breached the joint line of credit with respect to her;
2. Ms. Khan cancelled her obligations under the joint line of credit by providing Regions Bank with a written notice of cancellation, Exhibit 3;
3. Ms. Khan is not personally liable for the $40,000.00 loan made to Mr. Khan

---

[1] All parties to this arbitration, as well as the Arbitrator and the Trial Court, often refer to "Mrs. Khan" without distinguishing between her individual capacity and as trustee for the Trust. As discussed later in this opinion, Mrs. Khan in her individual capacity has been discharged in bankruptcy and, therefore, the remaining parties to this appeal are the Trust and the Bank.

on or about March 12, 2008;

4. It is beyond the power of the Arbitrator to decide whether or not Mr. Khan remains liable to Regions Bank on the line of credit or on some other basis;

5. It is beyond the power of the Arbitrator to decide whether the Deed of Trust secures any such indebtedness Mr. Khan may have to Regions Bank;

6. Ms. Khan is not entitled to an order in this arbitration requiring Regions Bank to release the lien on the property at 3901 South Lake Boulevard;

7. Regions Bank is not liable for any "unfair acts" in violation of the TCPA[2];

8. Ms. Khan can be held liable for Regions Bank's reasonable attorneys fees and litigation costs (except as to more than $375.00 in arbitrator's fees) in defending against Ms. Khan's unsuccessful claims;

9. Ms. Khan is not entitled to any recommendations from the Arbitrator to be made to the Knox County, Tennessee Chancery Court;

10. Ms. Khan is not entitled to recover her attorney's fees and costs in this arbitration; and,

11. Regions Bank may serve its petition for attorney's fees as outlined above within ten (10) business days of service on it of this Interim Award. The Claimant shall have ten (10) business days after service of the Petition on it to which to serve her response. Unless otherwise ordered by the Arbitrator, the hearing will be deemed closed once Claimant responds or the deadline to do so passes, whichever occurs first, and the undersigned shall have fourteen (14) days thereafter in which to serve a Final Award.

Regarding attorney's fees, the Arbitrator stated, in part:

The same day that the hypothecation agreement was signed, August 11, 2006, Mr. and Ms. Khan, individually, and Ms. Khan, as trustee of the aforementioned trust, signed the deed of trust using the property at 3901 South Lake Boulevard as collateral for the "open-end mortgage" with a maximum allowable principal indebtedness of $80,000.00. That deed of trust has never been released and it expressly obligates Ms. Khan to pay the bank's "Defense Costs" (attorney's fees and costs) which the bank incurs in defending unsuccessful claims brought by her against it. This is a matter of contract and is unrelated to the Tennessee Consumer Protection Act claim.

---

[2]In his Interim Award analysis, the Arbitrator wrote: "I find that Regions Bank has not engaged in any unfair or deceptive conduct that might constitute a violation of the TCPA. There was a legitimate contractual dispute between the parties as to whether Ms. Khan could be held liable for the $40,000.00 loan her husband made with Regions Bank. The bank followed her directions to close the line of credit. Ms. Khan's TCPA claim is denied." (format modified).

The Arbitrator awarded the Bank $24,678.00 in attorney's fees and $1,317.54 in costs against Mrs. Khan, individually and as Trustee.

The Bank filed a motion in the Trial Court to confirm the award. Mrs. Khan, arguing that the Arbitrator had exceeded his authority in failing to determine whether a lien on the property was created by Mr. Khan's drawing $40,000 from the joint line of credit contrary to Mrs. Khan's wishes before it was closed, filed a motion to vacate. The Trial Court vacated the arbitration award and remanded this matter with instructions to the Arbitrator. The Trial Court's order, in its entirety, states:

> This cause came on to be heard, on the 1ˢᵗ day of July, 2010, before the Honorable Daryl R. Fansler, Chancellor, upon the plaintiff's Motion to Vacate Arbitration Award, the briefs of counsel for and against said Motion, and the arguments of counsel in open court, whereupon the court did find said Motion well taken, and sustained the same, accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED, that the February 11, 2010 Award issued by Robert P. Murrian in this same cause between these same parties shall be and the same hereby is vacated pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4) ["the United States court . . . may make an order vacating the award . . . where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."]. Arbitrator Murrian is hereby directed to consider and resolve the issue of whether the application of the Khan Deed of Trust to the home of the plaintiff under all of the circumstances of this case is or would be an "unfair act" within the meaning of that term in the Tennessee Consumer Protection Act, without regard to any perceived interest of Mohammed Azeem Khan, a non-party, in the resolution of that issue.

The Bank appealed to this Court.

### Discussion

We restate and consolidate the issues raised on appeal as follows: 1) whether the Trial Court erred in vacating rather than confirming the arbitration award; 2) whether the Arbitrator exceeded his powers under the Tennessee Consumer Protection Act by awarding attorney's fees to the Bank; and, 3) whether this appeal violates the bankruptcy discharge injunction of 11 U.S.C. § 524(a)(2).

As the last issue potentially is dispositive, we first address whether this appeal violates the bankruptcy discharge injunction of 11 U.S.C. § 524(a)(2). In her brief, Mrs.

Khan informs this Court that she has been granted a discharge of her debts in bankruptcy. The Bank does not dispute this. Thus, Mrs. Khan argues, this Court lacks jurisdiction to hear the Bank's plea for confirmation of a judgment against a discharged debtor like Mrs. Khan. The Bank, on the other hand, argues in reply that only Mrs. Khan was discharged from her debts, and that this matter can proceed with respect to the Trust, which received no such discharge.

The voluntary bankruptcy petition by Mrs. Khan, attached to the Bank's reply brief, lists a "Khan, Rafia Nafees" in the "Name of Debtor" box. "Rafia N. Khan Irrevocable Trust" is included in the "All Other Names used by the Debtor in the last 8 years" box. There is no evidence in the record that the Trust, an entity separate from Mrs. Khan, has received a discharge of debt in bankruptcy. We agree with Mrs. Khan, as conceded by the Bank, that this matter cannot proceed as to Mrs. Khan in her individual capacity. We, however, do not agree with Mrs. Khan that this Court lacks jurisdiction to decide this appeal with respect to the Trust as the Trust has not been discharged in bankruptcy. Therefore, we will decide this appeal as concerns only the Trust and not Mrs. Khan personally as she has been discharged in bankruptcy.

We next address whether the Trial Court erred in vacating rather than confirming the arbitration award. Mrs. Khan argues that the Arbitrator failed to make a final, binding decision regarding the legality of the lien held against the property at issue. We note that the property is owned not by Mrs. Khan but instead by the Rafia N. Khan Irrevocable Trust. The Arbitrator ruled in favor of Mrs. Khan in that she was not personally liable for the $40,000 her husband borrowed. However, the Arbitrator ruled against Mrs. Khan with respect to releasing the lien in the arbitration.

Mrs. Khan argues specifically that the Arbitrator exceeded his powers under 9 U.S.C. § 10(a)(4), or, so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made. Both parties rely upon the Federal Arbitration Act in their briefs. However, applying either the Federal Arbitration Act or the Tennessee Uniform Arbitration Act would yield the same result in this case. In another arbitration case, this Court discussed the interplay between the Federal Arbitration Act and the Tennessee Uniform Arbitration Act: "Whether the FAA or the TAA governs the specific issues raised in this appeal is of no practical significance because the problems the FAA was intended to cure have been virtually eliminated by the enactment in Tennessee and other states of the Uniform Arbitration Act. The UAA and FAA have similar or identical provisions on the relevant issues." *Bailey v. American Gen'l Life*, No. M2003-01666-COA-R3-CV, 2005 WL 3557840, at *6 n. 5 (Tenn. Ct. App. Dec. 29, 2005), *Rule 11 appl. perm. appeal denied June 26, 2006*.

To resolve this issue, we must look to the relevant standard of judicial review when reviewing arbitration awards. The standard is quite limited. Our Supreme Court has stated:

> Tennessee has adopted the Uniform Arbitration Act, *see* Tenn. Code Ann. §§ 29-5-301 to -320 (2000), which governs "the scope of judicial review of arbitration awards." *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 447- 48 (Tenn. 1996). The trial court's role in reviewing the decision of arbitrators is limited to those statutory provisions that establish the grounds to modify or vacate an arbitration award. *Id*. at 448. Upon application of a party to the arbitration to confirm the award, Tennessee Code Annotated section 29-5-312 requires the trial court to "confirm [the] award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award...." The arbitration award may be vacated if, among other reasons, "the arbitrators exceeded their powers." Tenn. Code Ann. § 29-5-313(a)(3). In the alternative, a trial court can modify or correct the award when "[t]he arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." Tenn. Code Ann. § 29-5-314. In all cases warranting judicial review of arbitration awards, the trial court "must accord deference to the arbitrators' awards." *Arnold*, 914 S.W.2d at 448.
>
> This Court is also required to apply a deferential standard of review. *See id*. at 450. In *Arnold*, we held that when an appellate court reviews a trial court's decision in an arbitration case, "it should review findings of fact under a 'clearly erroneous' standard, [that is,] accept those facts as found unless clearly erroneous." *Id*. Moreover, we are "not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentation of the contract." *Id*. Where, as here, the issues presented are questions of law, we must resolve the matter "with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." *Id*.

*D & E Construction Co., Inc. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001).

Our Supreme Court also has discussed at length the standard for judicial review of arbitration awards, comparing the Federal Arbitration Act with the Tennessee Uniform Arbitration Act:

We first observe that the language of the judicial review provisions in the TUAA are substantially similar to those in the FAA. *Compare* Tenn. Code. Ann. §§ 29-5-312 to -314 *with* 9 U.S.C. §§ 9-11. To the extent that these statutory schemes are different, the judicial review provisions in the TUAA are more restrictive. In reaching its conclusion that the FAA's judicial review provisions are mandatory, the *Hall Street* Court emphasized the language in section 9 stating that a court "must grant" confirmation "unless the award is vacated, modified, or corrected as prescribed by sections 10 and 11." *Hall Street*, 552 U.S. at 587, 128 S. Ct. 1396 (quoting 9 U.S.C. § 9). Likewise, section 29-5-312 of the TUAA employs mandatory language, stating that "the court *shall* confirm an award, unless ... grounds are urged for vacating or modifying or correcting the award, in which case the court *shall* proceed as provided in §§ 29-5-313 and 29-5-314." (Emphasis added). However, the FAA employs permissive language in sections 10 and 11, stating that the reviewing court "may" vacate, modify, or correct an award pursuant to the enumerated circumstances. The TUAA, on the other hand, continues to employ mandatory language in sections 29-5-313 and 29-5-314, stating that the reviewing court "shall" vacate, modify, or correct an award pursuant to the enumerated circumstances.

We also held in *Arnold* that an arbitration award cannot be vacated under the TUAA because it is "irrational" while federal courts have held that an award could be vacated on this ground under the FAA. *Arnold*, 914 S.W.2d at 451. We rested our holding on two observations. First, we noted that while the TUAA provides for vacation of an award because "[t]he arbitrators exceeded their powers," Tenn. Code Ann. § 29-5-313(a)(3), the FAA provides for vacation of an award on broader grounds: "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Second, we noted that the FAA does not include the limiting language of section 29-5-313(a) of the TUAA expressly disallowing vacation of an award on the ground that "the relief was such that it could not or would not be granted by a court of law or equity." Tenn. Code Ann. § 29-5-313(a)(5).

\*\*\*

For the above-stated reasons, we hold that the TUAA governs judicial review of arbitration awards.

*Pugh's Lawn Landscape Co., Inc. v. Jaycon Development Corp.*, 320 S.W.3d 252, 259-60

(Tenn. 2010). In *Tuetken v. Tuetken*, 320 S.W.3d 262, 270 (Tenn. 2010), our Supreme Court reaffirmed its holding in *Pugh's*, stating: "We take this opportunity to reaffirm our holding in *Pugh's* that the judicial review of an arbitrator's award is confined to the grounds enumerated in the TUAA."

Mrs. Khan argues, among other things, that the Arbitrator exceeded his authority by declining to decide whether Mr. Khan personally was liable for the debt and whether the Deed of Trust secures any debt by Mr. Khan to the Bank. Initially, we observe the unusual nature of arguing that an Arbitrator exceeded his power by declining to exercise his power. Be that as it may, we do not find merit in Mrs. Khan's position. The Arbitrator's detailed and thorough decision and award, reproduced in summary above, adequately resolved the dispute between the parties to the arbitration. We note that Mrs. Khan resisted the Bank's attempt to make Mr. Khan a party to the arbitration. Having successfully kept Mr. Khan from being a party to the arbitration, she cannot now argue that the Arbitrator exceeded his powers in failing to make determinations regarding Mr. Khan including "with respect to any indebtedness Mr. Khan may have to Regions Bank and whether or not the property . . . secures any such indebtedness." In our judgment, the Arbitrator fully decided this matter as to the parties before him in the arbitration, there is nothing left for him to do, and the Trial Court erred in vacating the arbitration award. The Arbitrator neither exceeded his powers nor failed to render a complete decision on the issues in controversy between the parties to the arbitration.

The final issue we address is whether the Arbitrator exceeded his power under the Tennessee Consumer Protection Act by awarding attorney's fees to the Bank. Regarding attorney's fees, Mrs. Khan argues that in order to be awarded attorney's fees for unsuccessful claims under the TCPA, there has to be some showing of frivolousness. *See* Tenn. Code Ann. § 47-18-109(e). The Bank, for its part, argues that the award of attorney's fees is based on the parties' contract and not the TCPA. The Arbitrator found as much, citing an explicit provision in the deed of trust obligating Mrs. Khan to pay the Bank's defense costs.

Mrs. Khan cites to no case law in her brief establishing that in cases where there is a TCPA claim, the TCPA exclusively governs an award of attorney's fees. Because the Arbitrator's award of attorney's fees to the Bank was based on a provision in the contract between the parties and not the TCPA, there need be no recourse to the TCPA to justify or prevent the award of attorney's fees and costs. We do not disturb the Arbitrator's award of attorney's fees and costs to the Bank with respect to the Trust. As stated previously, we do not uphold any judgment or award herein with respect to Mrs. Khan personally because she was discharged from her debts in bankruptcy.

In summary, for the reasons discussed above, we reverse the Trial Court's

vacatur of the Arbitrator's award, and we remand this case to the Trial Court to confirm the Arbitrator's award as it regards the Rafia N. Khan Irrevocable Trust.

## **Conclusion**

The judgment of the Trial Court vacating the Arbitrator's award is reversed, this cause is remanded to the Trial Court to enter an order confirming the Arbitrator's award but only as to the Rafia N. Khan Irrevocable Trust, and for collection of the costs below. The costs on appeal are assessed against the Rafia N. Khan Irrevocable Trust.

_____
D. MICHAEL SWINEY, JUDGE