IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 30, 2018 Session

## RAFIA NAFEES KHAN v. REGIONS BANK

Appeal from the Chancery Court for Knox County
No. 194115-2        Clarence E. Pridemore, Jr., Chancellor

———————————————

## No. E2017-02454-COA-R3-CV

———————————————

This is the third appeal arising from a disputed arbitration award.  After the first appeal, this Court remanded the case to the trial court for the purpose of entering an order confirming the award in favor of Regions Bank (the Bank) "as to the Rafia N. Khan Irrevocable Trust."  The trial court subsequently entered an order confirming the award against "the Rafia N. Khan Irrevocable Trust" and "Rafia N. Khan as Trustee of the Rafia N. Khan Irrevocable Trust."  Over twenty months later, Rafia Khan filed an independent action in equity asking the trial court to set aside its judgment confirming the award. Pursuant to Tenn. R. Civ. P. 12.02(6), the Bank filed a motion to dismiss and raised the affirmative defense of res judicata.  The trial court granted the Bank's motion to dismiss on the basis of res judicata.  We vacate the trial court's findings with respect to res judicata.  Nevertheless, we affirm the court's dismissal of the case because Ms. Khan's complaint failed to state a claim upon which relief can be granted.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Dan D. Rhea, Knoxville, Tennessee, for the appellant, Rafia N. Khan.

Michael S. Kelley, Knoxville, Tennessee, for the appellee, Regions Bank.

**OPINION**

**I.**

We explained the facts[1] underlying the parties' arbitration dispute in ***Khan v. Regions Bank***, 461 S.W.3d 505 (Tenn. Ct. App. 2014) [hereinafter ***Khan I***]:

> Mr. and Mrs. Khan obtained a joint line of credit from the Bank's predecessor secured by a deed of trust on residential property. Mrs. Khan had bought the property in 2004, and, later in 2004, she quitclaimed it to the Rafia N. Khan Irrevocable Trust. This property is where Mrs. Khan and her two children live. The joint line of credit dates from 2006, and it provided for credit up to $80,000. Mrs. Khan signed the credit agreement and disclosure in her individual capacity and signed the deed of trust both in her individual capacity and on behalf of the Trust.
>
> In 2008, Mrs. Khan wanted to close the line of credit. There was some issue about whether or when the paperwork necessary to close the line of credit was processed finally. Before the final processing, Mr. Khan transferred $40,000 from the joint line of credit to his checking account. Mrs. Khan apparently was not consulted and did not approve of this move. The Khans have since divorced.

*Id.* at 506-07.

When the Bank refused to release the lien on the residential property, Ms. Khan, acting in her individual capacity and as trustee of the Rafia N. Khan Irrevocable Trust, filed suit against the Bank. *Id.* at 507. She alleged that the Bank's refusal to release the lien was an "unfair act" under the Tennessee Consumer Protection Act (TCPA). *Id.* The parties subsequently agreed to resolve the dispute through arbitration, as required by the loan documents. *Id.*

The arbitrator found that Ms. Khan was not personally liable for the $40,000 loan

---

[1] We emphasize, however, that the following statement of facts "is provided to give context to the discussion of the issues and has no bearing on the resolution of the issues." *See **Durrett Inv. Co., v. City of Clarksville***, No. M2012–00807–COA–R3–CV, 2013 WL 614411, at *1 n.1 (Tenn. Ct. App., filed Feb. 15, 2013). Our subsequent analysis of the Bank's Rule 12.02(6) motion relies solely on the facts alleged by Ms. Khan in her most recent complaint.

made to her husband and that the Bank did not violate the TCPA. *Id.* To Ms. Khan's displeasure, however, the arbitrator declined to order the Bank to release the lien on the residential property. *Id.* Because Mr. Khan was never made a party to the arbitration,[2] the arbitrator concluded that he lacked the authority "to decide whether or not Mr. Khan remains liable to Regions Bank on the line of credit or on some other basis" and "to decide whether the Deed of Trust secures any such indebtedness Mr. Khan may have to Regions Bank." *Id.* Finally, pursuant to a contractual provision in loan documents, the arbitrator awarded the Bank $25,995.54 in attorney's fees and costs "against Mrs. Khan, individually and as Trustee." *Id.* at 508.

Shortly thereafter, the Bank filed a petition in the trial court to confirm the arbitration award. Ms. Khan filed a competing motion to vacate the award. The trial court denied the Bank's petition and granted Ms. Khan's motion to vacate the award. On appeal, this Court reversed the judgment of the trial court, holding that the arbitration award should be confirmed. *Id.* at 512. However, because Ms. Khan was granted a discharge of her debts in bankruptcy during the pendency of the appeal, we remanded the case to the trial court "to enter an order confirming the Arbitrator's award but only as to the Rafia N. Khan Irrevocable Trust . . . ." *Id.* at 508-09, 512. Ms. Khan sought discretionary review of our decision with the Tennessee Supreme Court and the U.S. Supreme Court; both courts declined to hear the case. *Khan v. Regions*, 136 S. Ct. 129 (2015) (denying petition for certiorari); *Khan*, 461 S.W.3d 505 (Tenn. Ct. App. 2014), *perm. app. den.* (Tenn. 2015).

After our decision in *Khan I*, but before the trial court had entered an order confirming the arbitration award, Ms. Khan filed another complaint against the Bank (*Khan II*). The trial court dismissed that complaint on the basis of the prior suit pending doctrine. In a memorandum opinion, this Court affirmed the trial court's dismissal of *Khan II*. *Khan v. Regions Bank*, No. E2015-01891-COA-R3-CV, 2016 WL 3094917 (Tenn. Ct. App., filed May 25, 2016).[3]

On September 15, 2015, the Bank filed a motion with the trial court for an award of post-arbitration attorney's fees. On October 16, 2015, before ruling on the Bank's motion, the trial court entered a self-styled "Final Judgment" confirming the arbitration

---

[2] As we noted in *Khan I*, "[t]he Bank attempted to add Mr. Khan as a party to the arbitration, a move Mrs. Khan successfully opposed." *Id.* at 507. This proved fatal to Ms. Khan's case: "Having successfully kept Mr. Khan from being a party to the arbitration, she cannot now argue that the Arbitrator exceeded his powers in failing to make determinations regarding Mr. Khan . . . ." *Id.* at 511.

[3] Rule 10 of the Rules of the Court of Appeals provides that a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any *unrelated* case." Tenn. Ct. App. R. 10 (emphasis added). "Because the case at bar is a *related* case, we cite to our previous memorandum opinion only for procedural context." *See Simmons v. Cheadle*, No. M2017–00494–COA–R3–CV, 2017 WL 4742971, at *1 n.1 (Tenn. Ct. App., filed Oct. 19, 2017) (emphasis added).

award "as to the Rafia N. Khan Irrevocable Trust and to Rafia N. Khan as Trustee of the Rafia N. Khan Irrevocable Trust." A few days later, the Bank filed certified copies of that order with the Knox County Register of Deeds in order to establish and maintain a judgment lien against the residential property. The Bank has never sought to levy the property and has never filed a motion with the court to foreclose on its lien.

On June 14, 2017, Ms. Khan filed a third complaint (**Khan III**) asking the trial court to set aside its judgment confirming the arbitration award in **Khan I**. On August 4, 2017, Ms. Khan filed an amended complaint, which is now the operative complaint in this appeal. The amended complaint recited most of the aforementioned facts and alleged that the trial court's October 16, 2015 order is void for two reasons. First, Ms. Khan alleged that the court lacked personal jurisdiction to confirm the arbitration award against the Rafia N. Khan Irrevocable Trust, which she claimed was never a party in the case. Second, Ms. Khan alleged that the court's order is void under federal bankruptcy law to the extent that it imposes personal liability on Ms. Khan "as Trustee of the Rafia N. Khan Irrevocable Trust." The Bank filed a Rule 12.02(6) motion to dismiss and raised the affirmative defense of res judicata. After a hearing on the matter, the trial court granted the Bank's motion and dismissed the case on the basis of res judicata. Ms. Khan appealed.

## II.

Ms. Khan raises the issue of whether the trial court erred in granting the Bank's motion to dismiss. Resolution of that ultimate issue requires us to address two subsidiary questions, as framed by us:

> Whether the trial court erred in dismissing the case on the basis of res judicata; and, if the court did so err,

> Whether the court's order of dismissal can be affirmed on an alternate basis.

The Bank further raises the issue of whether this appeal is frivolous and deserving of sanctions under Tenn. Code Ann. § 27-1-122 (2017).

## III.

As a preliminary matter, we must decide whether to review the trial court's dismissal as a grant of a motion to dismiss or a grant of summary judgment. *See* Tenn. R. Civ. P. 12.02 (providing that a Rule 12.02(6) motion to dismiss shall be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court . . . .").

- 4 -

In this case, the trial court stated that it considered "the motions, the memoranda filed in support thereof and in opposition thereto, the argument of counsel, the mandate from the Tennessee Court of Appeals in [**Khan I**], the Final Judgment in [**Khan I**], and the entire record . . . ." The record included several exhibits of documents associated with **Khan I**. Both parties agreed that the court could take judicial notice of most of those documents.[4]

Ultimately, the trial court granted the Bank's "motion to dismiss" without converting that motion into a motion for summary judgment. We do not reach the issue of whether the trial court erred by failing to do so. As we explain later in this opinion, we have determined that dismissal is appropriate based solely on the allegations in Ms. Khan's complaint now before us on this appeal. We therefore find it unnecessary to decide whether all the documents presented to the trial court were the proper subject of judicial notice and, thus, whether the motion to dismiss should have been converted into a motion for summary judgment.

**IV.**

We first consider whether the trial court erred by granting the Bank's motion to dismiss on the basis of res judicata. "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." **Jackson v. Smith**, 387 S.W.3d 486, 491 (Tenn. 2012).

"The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." **Id.** Res judicata is an affirmative defense that a defendant must ordinarily raise in his answer. **Id.** (citing Tenn. R. Civ. P. 8.03). However, a Rule 12.02(6) motion may "be used as a vehicle to assert an affirmative defense, [if] the applicability of the defense . . . 'clearly and unequivocally appear[s] on the face of the complaint.' " **Id.** at 491-92 (quoting **Givens v. Mullikin ex rel. Estate of McElwaney**, 75 S.W.3d 383, 404 (Tenn. 2002)). Thus, to successfully assert the defense of res judicata in a Rule 12.02(6) motion, the defendant must show that the plaintiff's own allegations "clearly and unequivocally" establish the following elements:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction;
>
> (2) that the same parties or their privies were involved in both suits;

---

[4] There was a dispute about whether the court could properly take judicial notice of the parties' briefs filed in **Khan I**; however, neither party presses the issue on appeal.

(3) that the same claim or cause of action was asserted in both suits; and

(4) that the underlying judgment was final and on the merits.

*Id.* (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).

In the present case, the fourth element of res judicata, the existence of a final judgment, did not appear on the face of Ms. Khan's complaint. In fact, Ms. Khan's complaint clearly establishes that the October 16, 2015 order confirming the arbitration award was *not* a final judgment. According to paragraph 23 of the complaint, the trial court entered its October 16, 2015 order before ruling on the Bank's motion for additional attorney's fees. Our Supreme Court has held that a judgment is not "final" within the meaning of Tenn. R. Civ. P. 54.02 if it is entered while a motion for attorney's fees is still pending. *Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn. 1989); *see also City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App., filed Aug. 25, 2009); *Memphis Light, Gas & Water Div. v. Starkey*, 244 S.W.3d 344, 352 n.8 (Tenn. Ct. App. 2007). Because the trial court's October 16, 2015 order did not resolve the issue of post-arbitration attorney's fees, it was not a final judgment. Therefore, we hold as a matter of law that Ms. Khan's complaint in the instant action was not barred by the doctrine of res judicata. The trial court erred by concluding otherwise.

## V.

In light of our holding that the Bank's affirmative defense of res judicata is without merit, we now consider whether dismissal is otherwise appropriate under Tenn. R. Civ. P. 12.02(6). *See Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999) ("Where the [t]rial [j]udge reaches the correct result for the wrong reason we will affirm."). A trial court's decision to grant a Rule 12.02(6) motion to dismiss is a question of law that we review de novo with no presumption of correctness. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citations omitted).

Under Tenn. R. Civ. P. 12.02(6), a defendant may file a motion to dismiss when the plaintiff's complaint "fail[s] to state a claim upon which relief can be granted." Thus, a Rule 12.02(6) motion to dismiss "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id.* (citations omitted). "A defendant who files a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.' " *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). Therefore, "[i]n considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff

the benefit of all reasonable inferences." *Id.* (citations omitted). "[C]ourts are not required," however, "to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Id.* (quoting *Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997)).

Ms. Khan's complaint alleged that the trial court's order confirming the arbitration award is void for two reasons. First, Ms. Khan alleged that the court lacked personal jurisdiction to confirm the arbitration award against the "Rafia N. Khan Irrevocable Trust." Second, Ms. Khan alleged that the court's order is void under federal bankruptcy law to the extent that it imposes personal liability on Ms. Khan. Both of those assertions are legal conclusions that are not entitled to a presumption of correctness under Tenn. R. Civ. P. 12.02(6). Nevertheless, we will probe the complaint for facts purporting to support those legal conclusions and then we will make an independent judgment as to whether those conclusions are correct.

Ms. Khan attempts to prove that the trial court lacked of personal jurisdiction over the trust by alleging that none of the pleadings in *Khan I* identified the "Rafia N. Khan Irrevocable Trust" as a party. We accept as a matter of fact that none of the previous pleadings identify "the Rafia N. Khan Irrevocable Trust" as a party. That fact, however, is insufficient as a matter of law to prove that the trial court lacked personal jurisdiction over the trust. "In most jurisdictions, a trust . . . cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property." 76 Am. Jur. 2d Trusts § 601 (West 2018). In Tennessee, for example,

> [a] claim based on a contract entered into by a trustee in the trustee's fiduciary capacity, on an obligation arising from ownership or control of trust property, or on a tort committed in the course of administering a trust, may be asserted in a judicial proceeding *against the trustee in the trustee's fiduciary capacity*, whether or not the trustee is personally liable for the claim.

Tenn. Code Ann. § 35-15-1010(d) (2015); *see also* Rest. (Third) of Trusts § 105 (West 2012) (listing Tennessee as one of the many states which have adopted this "now-prevalent doctrine"). Here, Ms. Khan's complaint specifically alleges that all prior pleadings were filed in the name of Rafia N. Khan, individually, and "as trustee of the Rafia N. Khan Irrevocable Trust." Thus, the complaint alleges the very fact needed to assert jurisdiction over the trust.

Furthermore, a judgment against an individual "as trustee" only imposes personal liability when "the trustee is personally at fault on account of the trustee's own willful misconduct proven by clear and convincing evidence." Tenn. Code Ann. § 35-15-

1010(c) (2015). That statute further provides:

> (a) Except as otherwise provided in the contract, *a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity* in the course of administering the trust if the trustee in the contract disclosed the fiduciary capacity.
>
> (b) Except as otherwise provided in subsection (a) or (c), the debts, obligations and liabilities incurred by a trustee by reason of the ownership, management or control of trust property in the trustee's fiduciary capacity, *shall be enforceable solely against the trust and its property, without any obligation or liability personally being borne by any trustee of such trust*.

Tenn. Code Ann. §§ 35-15-1010(a)-(b) (2015) (emphasis added).

Here, Ms. Khan argues that the trial court's order confirming the arbitration award against her "as trustee" imposes personal liability in violation of federal bankruptcy law. However, the complaint contains no factual allegations that would support that legal conclusion. This is not a case where the trustee was sued for a breach of trust; nor does the complaint allege that the trustee lacked the contractual capacity to bind the trust in her dealings with the Bank. The statute cited above clearly precludes personal liability under the circumstances alleged in Ms. Khan's complaint. Accordingly, Ms. Khan failed to state a claim upon which relief can be granted.

Because we conclude that Ms. Khan's complaint failed to state a claim upon which relief can be granted, we affirm the trial court's order dismissing the case under Tenn. R. Civ. P. 12.02(6). It is now unnecessary for us to consider the applicability of the prior suit pending doctrine, and we decline to do so.

### VI.

The Bank urges this Court to deem Ms. Khan's appeal as frivolous and worthy of sanctions under Tenn. Code Ann. § 27-1-122 (2017). However, "[w]e must apply this statute strictly so that we do not discourage legitimate appeals." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005). "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Id.* (citations omitted). Ultimately, the decision to award "just damages" for such an appeal "lies within the sound discretion of this Court." *Id.* at 547-48.

In this appeal, we ruled in favor of Ms. Khan on the issue of res judicata. Given

that partial victory, we cannot say that her appeal was entirely "devoid of merit." *See Miltier v. Miltier*, 31 S.W.3d 583, 587 (Tenn. Ct. App. 2000) (declining to find an appeal frivolous when the appellant was successful on one issue). Accordingly, in the exercise of our discretion, we decline to deem this appeal frivolous and deny the Bank's request for damages under Tenn. Code Ann. § 27-1-122.

## VII.

The judgment of the trial court is affirmed as modified. The costs on appeal are assessed to the appellant, Rafia N. Khan. The case is remanded, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE