IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2023 Session

## CAROLYN M. STARK ET AL. v. WILLIAM S. MCLEAN ET AL.

**Appeal from the Chancery Court for Dyer County**
**No. 14-CV-73       Tony Childress, Chancellor**
_____

### No. W2023-00145-COA-R3-CV
_____

In a prior appeal, we addressed multiple issues connected to a judgment that was entered following a bench trial. Among other things, we affirmed the trial court's determination that one of the Defendants in this litigation should be held liable for breach of fiduciary duty, but we also rejected multiple issues raised by the Plaintiffs in pursuit of additional relief. As part of our disposition, we remanded the case for further proceedings with respect to matters of costs and expenses under Tennessee Code Annotated section 35-15-1004, as well as prejudgment interest. After the trial court entered orders on remand addressing these issues, the Plaintiffs filed the present appeal, chiefly arguing (a) that they are entitled to 100% of their costs and expenses and (b) that the trial court erred in the amount of prejudgment interest it awarded them. Having reviewed the record transmitted to us on appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

James S. Wilder, III, Christine A. Coronado, and Becky Dykes Bartell, Dyersburg, Tennessee, for the appellants, Susan Lazenby and Carolyn M. Stark.

Marianna Williams, Dyersburg, Tennessee, for the appellee, William S. McLean.

### OPINION

### BACKGROUND AND PROCEDURAL HISTORY

This is the second appeal of this matter. Because the general background of the case is adequately set out in our prior opinion, *Stark v. McLean*, No. W2020-00086-COA-R3-

CV, 2022 WL 1751747 (Tenn. Ct. App. June 1, 2022) ("*Stark I*"),[1] we only reference it here briefly.

The underlying case primarily revolves around several issues among family members, including those pertaining to fiduciary duties owed by a son who served as a trustee of several trusts created by his parents. *Id.* at *1. The trial court granted significant relief to the son's sisters following a bench trial, including for breach of fiduciary duty, *id.* at *1-2, and in the first appeal, the son raised an issue of whether he should have been held responsible for violating his fiduciary duty as trustee. *Id.* at *3. This son, Steve McLean ("Steve"), had conducted his own farming operations at farms that had been transferred into the subject trusts, *id.* at *1, and his "enrichment from the farmland occurred notwithstanding the fact that the farms had been subject to trust administration." *Id.* at *3. We ultimately held in *Stark I* that "the trial court did not err in its decision to hold [Steve] accountable for failing to fulfill his fiduciary duties with respect to income derived from the subject farmland," and although his sisters—Plaintiffs Carolyn Stark and Susan Lazenby ("the Plaintiffs")—were unsuccessful in the pursuit of several appellate issues of their own, we did agree with them that the trial court erred in failing to hold Steve additionally liable with respect to a specific converted CD. *Id.* at *4, 8. In addition to remanding for the entry of a modified judgment on that issue, we remanded for the entry of a modified award of prejudgment interest, citing the following considerations:

> First, there is the issue of our decision herein to remand for the entry of a modified judgment on the Plaintiffs' CD conversion claim, which creates an additional source of recovery to which prejudgment interest can attach.
>
> . . . .
>
> Second, there is the fact that the trial court's award of prejudgment interest was not calculated to run through the date of entry of judgment.
>
> . . . .
>
> Third, there is the issue of the trial court's specific decision, which is challenged by the Plaintiffs on appeal, to *not* award prejudgment interest on [certain specified] farm crop rent . . . .

*Id.* at *8-9. As to the second consideration above, we noted that "the trial court's decision to cut off the awarded interest was completely arbitrary." *Id.* at *9. Further, as to the third

---

[1] Although *Stark I* was designated as a memorandum opinion, we cite to it in the present appeal for context given that it is a related case. *See, e.g.*, *Khan v. Regions Bank*, 572 S.W.3d 189, 192 n.3 (Tenn. Ct. App. 2018) (noting that the Court could cite to a previous memorandum opinion for procedural context because the case was related).

consideration above, i.e., the court's decision to not award prejudgment interest on certain specified crop rent, we opined from our review of the judgment that, "[i]n a sense, it appears that the trial court 'split the baby' on this issue, correctly discrediting Steve's defense to the substantive claims against him pertaining to the farms in trust but embracing his arguments nonetheless for purposes of denying prejudgment interest for these claims." *Id.*

In addition to the issue of the CD and the matter of prejudgment interest, we remanded the case for the trial court to address the issue of costs and expenses under Tennessee Code Annotated section 35-15-1004. Pursuant to that statute, "[i]n a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Tenn. Code Ann. § 35-15-1004. In remanding for further findings on this issue, we noted that both sides had commented on the lack of clarity that then surrounded the trial court's award under the statute. *Stark I*, 2022 WL 1751747, at *10. Of further note, in connection with our discussion, we broached an argument from the Plaintiffs that they would, supposedly, be entitled to 100% of their costs and expenses:

> One of the Plaintiffs' appellate arguments would, if accepted, appear to obviate the need for a remand for further findings and would instead prompt a remand for the entry of a modified award for the full amount of relief the Plaintiffs have sought under the statute. Indeed, the Plaintiffs contend that they "are entitled to 100% of all the expenses incurred in the prosecution of this lawsuit, in addition to the attorneys' fees, as a matter of law" pursuant to the statute. Concerning this asserted grievance, we note that the operative language of the statutory provision provides that relief may be given "as justice and equity may require." Tenn. Code Ann. § 35-15-1004(a). Not all of the claims asserted in this case related to Steve's administration of the trusts, and the trial court's actions here, despite the lack of clarity otherwise appearing as to what the total award was composed of, reveal that it was attempting to measure the Plaintiffs' recovery in light of this fact. Although the Plaintiffs criticize the trial court's approach, we note that the trial court's approach, i.e., attempting to tailor recovery in a larger lawsuit to the portion of the litigation dealing with trust issues, does not appear to be an entirely novel one. Indeed, as one commentator has observed of the Uniform Trust Code provision on which Tennessee Code Annotated section 35-15-1004 is patterned, some courts applying statutes based on the provision have required fee claimants to apportion fees and costs to allow for their subtraction "when claims covered by the fee statute are joined with claims that were not covered by the statute."

*Id.* at *10 n.15. In remanding the case, we also held that the trial court should award the

Plaintiffs reasonable attorney's fees incurred in the appeal in defense of Steve's issue pertaining to his fiduciary responsibilities. *Id.* at \*11.

Following our remand of the case, the trial court entered a series of orders to address the above-mentioned issues. Of particular note as it pertains to the issues in this appeal, the trial court awarded nearly $280,000.00 to the Plaintiffs for costs and expenses under Tennessee Code Annotated section 35-15-1004, specifically signaling that the amount awarded was primarily based on the testimony of Steve's expert witness, attorney Bruce Smith, and also included certain specific expenses that the trial court determined were "directly traceable to the trust portion of this case and . . . not included in the opinion of Mr. Smith." As is of much dispute herein, this award did not constitute 100% of the Plaintiffs' requested costs and expenses. In the trial court's assessment, "justice and equity" required that Steve pay for costs and expenses associated with the portion of the judicial proceeding that "involved the administration of the trust over which he was a trustee," and in connection with this conclusion, the court noted that the larger litigation had also involved non-trust issues and several Defendants other than Steve. Further, as for the matter of prejudgment interest concerning certain farm crop rent, the trial court noted in its "Modified Judgment and Order on Remand" that it had applied a two percent interest rate. This appeal later followed.

## DISCUSSION

The Plaintiffs' brief[2] raises two primary issues for our consideration on appeal. In addition to arguing that the trial court erred "in not awarding [them] 100% of the fees and expenses incurred," the Plaintiffs raise the question of whether the trial court "abused its discretion in awarding . . . pre-judgment interest on the farm income from 2000 to 2007 at a rate of 2 percent." As an additional issue, the Plaintiffs raise the question of whether they are entitled to attorney's fees and costs incurred in this appeal.

We turn first to the trial court's award under Tennessee Code Annotated section 35-15-1004. As noted earlier, that statute provides that, "[i]n a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Tenn. Code Ann. § 35-15-1004. Here, the trial court's award of approximately $280,000.00 under the statute was, as already mentioned, based primarily on the testimony of attorney Bruce Smith ("Mr. Smith"). Mr. Smith, who testified that the Plaintiffs were entitled up to $275,000.00 in fees and

---

[2] The Plaintiffs did not list their presented issues until page twenty-four of their appellate brief, with their "Statement of Issues" appearing after their denominated "Statement of the Case and Procedural History" and "Statement of Facts" sections. As a point of instruction, we note that a "statement of the issues presented for review" is supposed to be presented *before* a "statement of the case" and a "statement of facts" per the briefing requirements of Rule 27 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 27.

expenses, noted that he had reviewed the billing records from the Plaintiffs' counsel, made notes about what he had observed, and had looked at the factors in Rule 1.5 of the Rules of Professional Conduct.[3]   Mr. Smith's testimony pointed to the fact that the larger litigation in the case had also involved several Defendants other than Steve, that not all claims were related to trust administration, and that the Plaintiffs had not succeeded on several claims.   By way of general illustration, Mr. Smith testified as follows on this subject:

> In my opinion, plaintiffs could not recover for attorney's fees related to Donna McLean.  The Court also ruled that Lyn McLean didn't do anything wrong and that he had no liability.  Looking at the core of this case . . . the Donna McLean allegations were not only not related to trust administration, but they were not related to the core components . . . of this lawsuit.  Clearly the Court can award attorney's fees for Steve McLean's breach of fiduciary duty, but I approached this on the basis that Lyn McLean was dismissed, Donna McLean was dismissed.  Mr. Hopkins took Chapter 7 bankruptcy, and he was also a trustee of a different trust.  Steve McLean was not a trustee of the McLean Investment Trust, and then there were certain aspects of claims for which Your Honor . . . did award a judgment. . . . [A]gain, there are some claims where it is possible in looking at the [Plaintiffs' counsel's] invoices . . . where you could tell where the plaintiffs did -- how they spent their time preparing the case for trial and . . . prosecuting the matters in court.  And you can also see where they expended expense on, say, the . . . USDA, FSA, other components of their proof.

> So I began looking at what can you tell from these bills how time was spent on various claims, and the answer is . . . you can tell a lot from the bills. It's possible . . . to break out how . . . plaintiff's time was expended.

Mr. Smith further testified that "there are many times where lawyers spend time doing things, and they can't bill the client properly for all the work that is expended on a particular matter."  Regarding this case, he explained, "there were many instances . . . where more people worked on something than were needed to accomplish what was before the particular task."  Mr. Smith's testimony reflected that he had also scrutinized how much time was spent on particular tasks by individual attorneys, stating, among other things, that "there was a minimum of 44.75 hours billed to the clients for a total of $8,950 for summarizing a deposition at which [that counsel] was present."[4]  His testimony also noted, for instance, that over $4,000.00 had been billed for the preparation of a single letter

---

[3] Rule 1.5 outlines the factors that are "to be considered in determining the reasonableness of a fee."  Tenn. Sup. Ct. R. 8, RPC 1.5.

[4] In terms of the length of the deposition summarized, Mr. Smith commented that the summarizing attorney had charged 6.75 hours for attending the deposition.

concerning a discovery issue.

In addition to relying on Mr. Smith's testimony for the amount of its award, the trial court added in certain expert expenses "directly traceable to the trust portion of this case and . . . not included in the opinion of Mr. Smith." We note that the trial court is given wide discretion under Tennessee Code Annotated section 35-15-1004 in awarding costs and expenses, *see id.* (providing that "the court, as justice and equity may require, may award costs and expenses"), and here, we cannot conclude that the ultimate approach manifested in connection with the court's award constitutes an abuse of discretion. To this end, we respectfully reject the merits of the Plaintiffs' raised issue that the trial court erred in not awarding them 100% of their fees and expenses. As to that premise of the Plaintiffs', which is the specific issue before us, we are of the opinion that it was entirely within the trial court's discretion to take into account, as Mr. Smith did in his testimony, that this case involved more than just trust issues involving Steve. In our view, and in the same vein, it was also within the trial court's discretion to take into account the fact that the litigation involved several unsuccessful claims, including against Defendants other than Steve. As noted earlier in this Opinion, we previously broached in *Stark I* the issue that the Plaintiffs are presently raising. Indeed, to quote again from *Stark I*:

> [A]s one commentator has observed of the Uniform Trust Code provision on which Tennessee Code Annotated section 35-15-1004 is patterned, some courts applying statutes based on the provision have required fee claimants to apportion fees and costs to allow for their subtraction "when claims covered by the fee statute are joined with claims that were not covered by the statute."

*Stark I*, 2022 WL 1751747, at *10 n.15. That same commentator also has observed that some courts have required fee claimants to apportion fees and costs "to reflect effort spent on unsuccessful claims unrelated to successful ones." Daniel F. Blanchard III, *Attorney's Fees in Judicial Proceedings Involving Trusts, Estates, & Protected Persons: When Is an Award Just & Equitable?*, 72 S.C. L. Rev. 145, 169 (2020). We are of the opinion that such considerations are not beyond the authority of a court to consider when exercising its discretion under section 35-15-1004, and of course, just because a fee is billed to a client in relation to a matter involving the administration of a trust, that does not make the entire fee a reasonable one. As to this latter concern, although Mr. Smith's testimony—which was relied upon by the trial court—did ultimately reflect his view that up to $275,000.00 in fees and expenses would be an appropriate recovery in this case, we note again that he scrutinized a number of expenses to illustrate his opinion here that many of the billings in this case were not reasonable. The Plaintiffs acknowledge in their briefing that the statutory language "as justice and equity may require" should trigger "great deference" in relation to an award of costs and expenses under the statute, and it is through our recognition of the trial court's discretion regarding such awards that we respectfully reject the Plaintiffs' insistence that they should recover 100% of their litigation costs and

expenses and thereby affirm the award that was entered.

We next turn our attention to the Plaintiffs' raised issue concerning awarded prejudgment interest on farm income from 2000 to 2007.[5] This issue, like the issue of costs and expenses under section 35-15-1004, also involves discretion on the part of the trial court. *See, e.g.*, *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994) (noting that the "award of pre-judgment interest is within the sound discretion of the trial court and the decision will not be disturbed by an appellate court unless the record reveals a manifest and palpable abuse of discretion"). "[D]iscretion extends not only to awarding of prejudgment interest but also to the amount of interest allowed and the time over which it shall be calculated." *AHCI, Inc. v. Lamar Advert. of Tenn., Inc.*, No. 03A01-9301-CH-00010, 1994 WL 25848, at *4 (Tenn. Ct. App. Jan. 26, 1994), *aff'd*, 898 S.W.2d 191 (Tenn. 1995). "If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative." *Teague v. Kidd*, No. E2011-02363-COA-R3-CV, 2012 WL 5869637, at *6 (Tenn. Ct. App. Nov. 21, 2012).

By statute, prejudgment interest may be awarded, as a general matter, "at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Tenn. Code Ann. § 47-14-123. Although the Plaintiffs argue on appeal that we should direct the trial court to award them ten percent prejudgment interest regarding the farm income at issue, we fail to discern a manifest and palpable abuse of discretion on the part of the trial court in awarding them two percent prejudgment interest. This was permissibly within the trial court's discretion,[6] and it is not the province of this Court to substitute our judgment even if we, arguendo, might have independently chosen a different alternative. In light of our disposition on this issue, as well as the raised issue concerning costs and expenses, we further respectfully reject the Plaintiffs' request for attorney's fees and costs in connection with this appeal.

---

[5] Other awards of prejudgment interest were not appealed by either side in this appeal, and because they are not at issue, we do not inquire into their propriety.

[6] Of course, that the statute generally allows for prejudgment interest up to ten percent in no way requires the application of such a percentage. Again, the choice of a particular rate is discretionary. *See Boesch v. Holeman*, No. E2021-01242-COA-R3-CV, 2022 WL 3695977, at *5 (Tenn. Ct. App. Aug. 26, 2022) (holding that "the 2.5% simple interest rate is a reasonable award within the statutory bounds of prejudgment interest calculation"); *Cook's Roofing, Inc. v. Hartford Underwriters Ins. Co.*, No. W2019-00271-COA-R3-CV, 2020 WL 4151216, at *17-18 (Tenn. Ct. App. July 20, 2020) (rejecting argument that the trial court should have awarded interest at the "market rate" of six percent and affirming application of a rate of one percent); *MSK Constr., Inc. v. Mayse Constr. Co.*, No. E2014-00139-COA-R3-CV, 2014 WL 4826655, at *7 (Tenn. Ct. App. Sept. 30, 2014) (holding that the decision to award prejudgment interest at a rate of one percent "was wholly within the court's discretion").

## CONCLUSION

In light of the foregoing discussion, we affirm the judgment of the trial court and remand the case for such further proceedings that are necessary and consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE