IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2014 Session

## LASCO INC. V. INMAN CONSTRUCTION CORP., ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH1200201     Walter L. Evans, Chancellor**

---

**No. W2014-00802-COA-R3-CV - Filed January 9, 2015**

---

The trial court vacated an arbitration award of attorney's fees in favor of the defendant general contractor and its surety, concluding that such award exceeded the power of the arbitrator. We reverse and remand to the trial court for the entry of an order confirming the arbitration award and a determination of the reasonable attorney's fees of the general contractor and its surety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Vic L. McConnell, Nashville, Tennessee, for the appellants, Inman Construction Corp. and Travelers Casualty Surety Company of America.

Elizabeth B. Stengel and Joseph T. Getz, Memphis, Tennessee, for the appellee, Lasco Inc.

## OPINION

### Background

This appeal concerns a dispute between subcontractor, Plaintiff/Appellee Lasco Inc.

("Lasco") and general contractor, Inman Construction Corp. ("Inman"). Lasco and Inman entered into a contract ("the Subcontract") on or around October 16, 2007 for the construction of a College of Pharmacy Building at the University of Tennessee Health Science Center. Specifically, the Subcontract provides that:

> § 6.2.1 Any claim arising out of or related to this Subcontract . . . shall be subject to arbitration.[1] Prior to arbitration, the parties may, at the Contractor's sole discretion, endeavor to resolve disputes by mediation in accordance with the provisions of Section 6.1.
>
> § 6.2.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. Demand for arbitration shall be filed in writing with the other party to this Subcontract and with the American Arbitration Association, and a copy shall be filed with the Architect.[2]

Travelers Casualty Surety Company of America ("Travelers," together with Inman, "Appellants") issued a nearly $50,000,000.00 surety bond on the Subcontract.

The parties began work on the project in Spring 2009. A dispute soon arose between Lasco and Inman concerning the installation of temporary fire protection equipment. As such, Inman allegedly sent a letter to Lasco on April 24, 2009, informing Lasco that it was in breach of the Subcontract. This action set off a series of disputes between the parties, wherein both parties asserted that the other was preventing the project from being completed and in material breach of the Subcontract. Despite these disputes, the project was allegedly substantially completed in July 2011. Thereafter, Lasco demanded payment pursuant to the Subcontract. Inman, however, allegedly failed to remit payment to Lasco for the remaining balance on the contract amount, as well as change order work.

Due to the alleged non-payment, Lasco filed a complaint for damages against the Appellants on January 6, 2012, seeking $376,544.95 in compensatory damages for breach of contract, unjust enrichment, breach of the duty of good faith and fair dealing, violations of the Prompt Pay Act, and conversion. Inman filed a motion to dismiss the complaint, or

---

[1] Section 6.2.1 contains some exceptions that are not relevant in this appeal.

[2] The Architect is not a party to this appeal.

alternatively, to compel arbitration, on February 13, 2012. Travelers joined in Inman's motion on February 16, 2012. On February 20, 2012, the parties entered into an agreed order referring the matter to arbitration.

The parties participated in arbitration on November 19, 2013 through November 23, 2013. The arbitrator issued his written award on February 10, 2014, denying Lasco's claim in its entirety and awarding Inman $162,333.44 in attorney's fees. Additionally, the arbitrator ordered Lasco to reimburse Appellants the sum of $12,112.20, representing that portion of the fees and expenses in excess of the apportioned costs previously incurred by Inman. Accordingly, the arbitrator awarded Appellants a total award of $174,445.65 against Lasco.

On March 6, 2014, Lasco filed a motion to vacate the arbitration award of attorney's fees awarded to Appellants. Lasco argued that the arbitrator exceeded his authority in awarding the fees because an award of attorney's fees was not authorized by the parties' contract. On the same day, the Appellants filed their own motion for confirmation of the arbitration award and entry of a final judgment. Thereafter, on March 31, 2014, the Appellants also filed a response in opposition to Lasco's motion to vacate the award.

The trial court heard arguments on the fee and expense dispute on April 2, 2014. On April 11, 2014, the parties entered into a consent order allowing the confirmation of the $12,112.20 in expenses that were awarded to the Appellants in arbitration. The order provided that the Appellants "are entitled to a Judgment against Lasco . . . for the [American Arbitration Association] fees and expenses awarded in the amount of $12,112.20."

The only remaining dispute concerned the attorney's fees award. On April 11, 2014, the trial court entered an award vacating the attorney's fee award, ruling that such award was not authorized by the parties' contract, and therefore, not within the authority of the arbitrator to award. Appellants filed a timely notice of appeal.

**Issues Presented**

The Appellants raise three issues, which are taken from their brief:

1. Whether the trial court erred in granting Lasco's motion to vacate an arbitration award of attorney's fees in favor of Appellants.
2. Whether the trial court erred in denying an award of attorney's fees in favor of Appellants.
3. Whether Appellants are entitled to an award of

reasonable attorney's fees incurred as a result of this appeal and the trial court proceedings associated therewith.

## Analysis

Judicial review of arbitration awards is limited. As the Tennessee Supreme Court explained:

Tennessee has adopted the Uniform Arbitration Act, *see* Tenn. Code Ann. §§ 29-5-301 to -320 (2000), which governs "the scope of judicial review of arbitration awards." ***Arnold v. Morgan Keegan & Co.***, 914 S.W.2d 445, 447–48 (Tenn.1996). The trial court's role in reviewing the decision of arbitrators is limited to those statutory provisions that establish the grounds to modify or vacate an arbitration award. *Id.* at 448. Upon application of a party to the arbitration to confirm the award, Tennessee Code Annotated section 29-5-312 requires the trial court to "confirm [the] award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award . . . ." The arbitration award may be vacated if, among other reasons, "the arbitrators exceeded their powers." Tenn. Code Ann. § 29-5-313(a)(3). In the alternative, a trial court can modify or correct the award when "[t]he arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." Tenn. Code Ann. § 29-5-314. In all cases warranting judicial review of arbitration awards, the trial court "must accord deference to the arbitrators' awards." ***Arnold***, 914 S.W.2d at 448.

This Court is also required to apply a deferential standard of review. *See id.* at 450. In ***Arnold***, we held that when an appellate court reviews a trial court's decision in an arbitration case, "it should review findings of fact under a 'clearly erroneous' standard, [that is,] accept those facts as found unless clearly erroneous." *Id.* Moreover, we are "not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentation of the contract." *Id.* Where, as here, the issues presented are

-4-

questions of law, we must resolve the matter "with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." *Id.*

*D & E Construction Co., Inc. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001).

In its motion to vacate the arbitration award, Lasco argued that the arbitrator "exceeded [his] power" in granting an award of attorney's fees to the Appellants, where such award was not contemplated in the Subcontract. The trial court agreed and vacated the award. On appeal, the Appellants' argument is two-fold: (1) the trial court broadened the applicable standard of review in vacating the award; (2) attorney's fees are contemplated by the parties' agreement to arbitrate. We begin with Appellants' first argument.

Appellants argue that the trial court's decision to vacate the attorney's fee award went beyond the narrow standard of review applicable in arbitration cases. According to Appellants, even if the arbitration agreement does not provide for attorney's fees, this was merely a misinterpretation of the contract. Because courts cannot vacate arbitration awards due to "errors of fact or a misrepresentation of the contract," Appellants argue that the award must be upheld. *Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445, 450 (Tenn. 1996) (noting that an arbitration award cannot be vacated because the arbitrator made a mistake of fact or law, and it also cannot be vacated because it is irrational, or provides relief that could not or would not be granted by the court).

We disagree that the trial court went beyond the applicable standard of review in considering whether the contract provided for the award of attorney's fees. From our review of Tennessee cases wherein Tennessee courts have upheld arbitration awards in the face of arguments that the arbitrator exceeded his power, the objections to the awards concerned the underlying correctness of the award, rather than whether such an award was authorized pursuant to the arbitration agreement. *See, e.g.*, *Chattanooga Area Regional Transp. Authority v. Local 1212 Amalgamated Transit Union*, 206 S.W.3d 448, 451–52 (Tenn. Ct. App. 2006) (rejecting argument that arbitrator exceeded his powers by rewriting the underlying employment contract); *Williams Holding Co. v. Willis*, 166 S.W.3d 707, 711 (Tenn. 2005) (concluding that the arbitrator did not exceed the scope of his authority in assigning defendant 100% of the fault); *Arnold*, 914 S.W.2d at 450 (rejecting argument that arbitration panel's decision was so irrational, that the panel should be found to have exceeded its power); *Davis v. Reliance Elec.*, 104 S.W.3d 57, 61 (Tenn. Ct. App. 2002) (rejecting argument that the arbitrator exceeded his power in failing to apply the correct burden-shifting analysis). The issue in this case does not concern the correctness of the arbitrator's decision

to award attorney's fees, but whether the arbitrator was authorized by the arbitration agreement to award them.

The Tennessee Supreme Court has stated that "[a]rbitrators 'exceed their powers' when they go beyond the scope of authority granted by the arbitration agreement." *Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445, 450 (Tenn. 1996). According to the Tennessee Supreme Court:

> [T]he scope of an arbitrator's authority "is determined by the terms of the agreement between the parties which includes the agreement of the parties to arbitrate the dispute." *International Talent Group, Inc. v. Copyright Management Inc.*, 769 S.W.2d 217, 218 (Tenn. Ct. App. 1989). When the parties agree to arbitrate, they are bound by the terms of that arbitration provision. Arbitrators exceed their powers when the issue that they decide is not within the scope of the agreement to arbitrate. *Id.*

*D & E Constr. Co., Inc. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001).

An arbitrator's authority to award attorney's fees was at issue in the Tennessee Supreme Court's Opinion in *D & E Construction*. The Court looked to the content of the parties' agreement to arbitrate to determine whether the arbitrator exceeded his authority in making such an award. First, the Court established that agreements to arbitrate should be construed the same as other contracts:

> It is well settled that courts must examine the content of the entire written agreement to determine the contracting parties' intent. "Contractual terms should be given their ordinary meaning . . . and should be construed harmoniously to give effect to all provisions and to avoid creating internal conflicts." *Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). In addition, a contract's provisions must be interpreted in the context of the entire contract, " 'viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illustrate another.' " *Frizzell Constr. Co. v. Gatlinburg*, L.L.C., 9 S.W.3d 79, 85 (Tenn. 1999) (quoting *Cocke County Bd. of Highway Comm'rs v. Newport Utils. Bd.*, 690 S.W.2d 231, 237 (Tenn. 1985)); *see also Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 597 (Tenn. Ct. App.

1999).

***D & E Const.***, 38 S.W.3d at 518. Thus, we apply the familiar rules of contract interpretation to agreements to arbitrate. Next, the Court held that, considering the language of the contract and Tennessee law, an award of attorney's fees was not contemplated by the parties:

> In this case, the parties agreed to submit to arbitration "all claims or disputes between the Contractor and the Owner arising out [of] or relating to the Contract, or the breach thereof." D & E asserts that the contract's broad language requiring arbitration of "all claims or disputes" relating to the contract or its breach is a clear indication of the parties' intent to include claims of attorney's fees in a breach of contract dispute. We disagree.

> \* \* \*

> Although the arbitration provision in this case gives the arbitration panel very broad authority to decide any claims relating to a breach of contract dispute, when looking at the contract in its entirety, we find no provisions requiring the owner to pay attorney's fees to the contractor in the event of its breach of the contract.

***Id.*** at 518–19. The Court went on to conclude that other provisions in the contract supported the conclusion that an award of attorney's fees was not within the scope of the arbitrator's power. Consequently, the Court held that the arbitration panel exceeded its power in awarding attorney's fees and vacated the award of attorney's fees. ***Id.*** at 519. Based upon the holding in ***D & E Construction***, if an arbitrator awards attorney's fees when those fees are not contemplated in the parties' agreement to arbitrate, that award may be vacated as having been rendered in excess of the arbitrator's authority. Therefore, we must next consider whether the arbitrator was authorized to award attorney's fees by the arbitration agreement.

There is no dispute in this case that attorney's fees are not expressly mentioned in the Subcontract, much like in ***D & E Construction***. Appellants argue, however, that unlike the contract in ***D & E Construction***, which was governed by Tennessee law,[3] the agreement in

---

[3] Like the arbitration agreement in this case, the agreement in ***D & E Construction*** likewise incorporated by reference the Construction Industry Arbitration Rules. However, from our reading of the opinions in both the intermediate appellate court and the Tennessee Supreme Court, the attorney fee provision of the Construction Industry Arbitration Rules, Rule 45, or its predecessor, Rule L-6, were not

this case is governed by the Construction Industry Arbitration Rules of the American Arbitration Association ("Construction Industry Arbitration Rules"), which approve of an award of attorney's fees in certain limited circumstances. In this case, the Subcontract provides that "arbitration . . . shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." Appellants argue that this provision "directly and specifically incorporated the [Construction Industry Arbitration Rules] by reference, and therefore, such defined the authority of the arbitrator." We agree that the parties' contract clearly contemplates that the Construction Industry Arbitration Rules shall govern the arbitration and define the authority of the arbitrator in this case. As the Tennessee Supreme Court explained:

> Other writings, or matters contained therein, which are referred to in a written contract may be regarded as incorporated by reference as a part of the contract and therefore, may be properly considered in the construction of the contract. Where a written contract refers to another instrument and makes the terms and conditions of such other instrument a part of it, the two will be construed together as the agreement of the parties.
> Construing contemporaneous instruments together means simply that if there are any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves[.] And all persons charged with notice so that the intent of the parties may be carried out and the whole agreement actually made may be effectuated.

*McCall v. Towne Square, Inc*., 503 S.W.2d 180, 183 (Tenn. 1973) (quoting 17 Am.Jur.2d, Contracts §§ 263–65); *see also* 11 Williston on Contracts § 30:25 (4th ed.) ("Generally, all writings which are part of the same transaction are interpreted together."). Thus, writings referred to in a written contract are incorporated by reference into the contract, and must be considered as part of the agreement of the parties. The parties here clearly indicated that arbitration would be governed by the Construction Industry Arbitration Rules.  Thus, the

---

raised as a basis for the arbitration panel's authority to award attorney's fees in *D & E Construction*. *See* *D & E Const.*, 38 S.W.3d at 513–20; *D & E Const. Co., Inc. v. Denley*, No. 02A01-9812-CH-00358, 1999 WL 685883 (Tenn. Ct. App. Sept, 3, 1999), *rev'd*, 38 S.W.3d 513 (Tenn. 2001); *see also* *Rose Const.*, 2001 WL 1683746, at *3–*4 (referring to the attorney's fee provision of the Construction Industry Arbitration Rules as "Rule L-6"). Instead, the courts only addressed whether the provisions of the underlying agreement or applicable statutes authorized the award.  In this case, however, the thrust of the Appellants' argument is that the Construction Industry Arbitration Rules provide the basis for the award of attorney's fees.

Construction Industry Arbitration Rules must be construed as part of the agreement of the parties. This conclusion, however, does not end the inquiry. Instead, the question of whether attorney's fees were authorized must be determined by examining the Construction Industry Arbitration Rules.

Pursuant to Rule 45 of the Construction Industry Arbitration Rules, an award of the arbitrator may "include . . . an award of attorney's fees if all the parties have requested such an award or it is authorized by law or their arbitration agreement." Am. Arb. Ass'n, Constr. Indus. Arb. R-45(d)(ii). Appellants argue that although only one criterion must be fulfilled to authorize an award of attorney's fees, all three criteria are met in this case. We agree that by the use of the disjunctive "or," only one of the above criteria must be met in order for an award of attorney's fees to have been authorized by the Construction Industry Arbitration Rules. *See generally* **In re Demitrus M. T.**, 2011 WL 863288, at *16 (Tenn. Ct. App. 2011) (recognizing that when "the inquiry is made in the disjunctive," either of several factors will be sufficient to meet a requirement) (citing **Stewart v. State**, 33 S.W.3d 785, 792 (Tenn.2000)). Accordingly, we turn to consider whether any of the above criteria have been met.

We begin with the question of whether "all the parties have requested such an award[.]" Am. Arb. Ass'n, Constr. Indus. Arb. R-45(d)(ii). The record on appeal contains several documents submitted to the arbitrator during arbitration evidencing Lasco's own request for attorney's fees. First, in Lasco's initial demand for arbitration, Lasco specifically requests attorney's fees as a form of "Other Relief Sought." Moreover, Lasco submitted a post-hearing brief to the arbitrator in which it requested an award of attorney's fees in the amount of $335,489.65 "because of the dispute and arbitration matter." To support its request for attorney's fees, Lasco cites both Tennessee's Prompt Pay Act and Rule 45 of the Construction Industry Arbitration Rules. In another section of its post-hearing brief, Lasco describes the award of attorney's fees under Rule 45 as "discretionary." Indeed, it appears that only after Appellants were awarded their attorney's fees did Lasco take the position that Rule 45 did not authorize such an award. Lasco does not dispute that Appellants also requested an award of attorney's fees during the arbitration. Clearly, then, both parties "requested an award of attorney's fees" during arbitration. Am. Arb. Ass'n, Constr. Indus. Arb. R-45(d)(ii). Accordingly, we must conclude that the Construction Industry Arbitration Rules allow the arbitrator to make such an award.

Lasco argues, however, that regardless of its own request for attorney's fees, the arbitrator was still not authorized to award attorney's fees, based on Tennessee law. Specifically, Lasco points to Tennessee Code Annotated Section 29-5-311, which provides that: "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the

arbitration, shall be paid as provided in the award." According to Lasco, the Tennessee Supreme Court interpreted this provision as a prohibition on an award of attorney's fees unless the parties' agreement specifically allowed them. The Tennessee Supreme Court did state that "Tennessee Code Annotated section 29-5-311 states clearly and unambiguously that attorney's fees are not to be awarded for work performed in arbitration proceedings absent the parties' understanding to the contrary[.]" *D & E Constr.*, 38 S.W.3d at 519. We respectfully disagree with Lasco's argument in several respects.

First, we reject Lasco's contention that Tennessee Code Annotated Section 29-5-311 prevents the parties from incorporating the Construction Industry Arbitration Rules provision regarding the award of attorney's fees into their agreement. Tennessee Code Annotated Section 29-5-311 specifically states that its provision is applicable "[u]nless otherwise provided in the agreement to arbitrate." Consequently, the statute unambiguously provides that the parties are free to diverge from its requirements. *See Rose Constr., Inc. v. Raintree Dev. Co., LLC*, No. W2000-01388-COA-R3-CV, 2001 WL 1683746, at *2 (Tenn. Ct. App. Dec. 31, 2001) ("Under Tennessee law, generally, the prevailing party may not recover attorney's fees incurred in arbitration **unless the parties' contract provides for such recovery**.") (emphasis added).

Here, as previously discussed, the Subcontract specifically provided that it would be governed by the Construction Industry Arbitration Rules. The holding in *D & E Construction* does not require that courts ignore the well-settled rules of contract interpretation that require us to construe documents incorporated by reference into contracts as a single document. *See McCall*, 503 S.W.2d at 183. Accordingly, regardless of whether attorney's fees were expressly referred to in the Subcontract, the attorney's fee provision of the Construction Industry Arbitration Rules is a part of the agreement of the parties and provides certain limited circumstances where attorney's fees may be awarded. Indeed, this Court has previously considered the provisions of the Construction Industry Arbitration Rules, as incorporated by reference into the parties agreement to arbitrate, to determine whether the arbitration panel exceeded its authority in awarding attorney's fees. *See Rose Constr.*, 2001 WL 1683746, at *3–*4. Therefore, the arbitrator was entitled to consider the provisions of the Construction Industry Arbitration Rules in determining whether attorney's fees were authorized by the parties' agreement.

Next, despite Lasco's contention otherwise, the language of *D & E Construction* does not require that the parties "specifically" provide for attorney's fees in their underlying agreement; instead, it merely requires that the parties have an "understanding" that attorney's fees may be awarded. *D & E Constr.*, 38 S.W.3d at 519. As previously discussed, the parties clearly contemplated that the provisions of the Construction Industry Arbitration Rules, including its attorney's fees provision, would be incorporated into the contract. Indeed, Lasco

requested an award of attorney's fees in its favor in the arbitration proceedings pursuant to the very rule that they now contend is inapplicable; thus, we cannot conclude that the parties did not have an "understanding" that attorney's fees were at issue. For this reason, the situation in *D & E Construction* is simply not analogous to the present facts. Where in *D & E Construction*, the defendant objected in the arbitration proceedings to any discussion of attorney's fees, *see* 38 S.W.3d at 515, it does not appear that Lasco made a similar objection. Instead, by its own admission, Lasco submitted an affidavit of its attorney to the arbitrator during the proceedings in furtherance of its own request for attorney's fees. Accordingly, the situation in *D & E Construction* is inapposite to the case-at-bar.

Here, the parties' agreement incorporates by reference the Construction Industry Arbitration Rules. Consequently, they are to be construed as part and parcel of the entire agreement. The Construction Industry Arbitration Rules provide three situations wherein attorney's fees may be awarded in an arbitration proceeding, one of which is when "all the parties have requested such an award[.]" Am. Arb. Ass'n, Constr. Indus. Arb. R-45(d)(ii). Both parties clearly requested that attorney's fees be awarded to them in the arbitration proceeding. Because this is one of the limited situations wherein attorney's fees are allowed pursuant to the Construction Industry Arbitration Rules, and thus, the parties' agreement, the arbitrator did not exceed his authority in awarding Appellants their attorney's fees. Accordingly, we need not consider whether any of the other criteria in Rule 45 of the Construction Industry Arbitration Rules are applicable.

### Attorney's Fees on Appeal

Finally, Appellants request an award of their attorney's fees incurred in the proceedings in the trial court and this appeal pursuant to Tennessee Code Annotated Section 29-5-315, which provides:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application, and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

(Emphasis added). This Court has previously held that Tennessee Code Annotated Section 29-5-315 authorizes the award of attorney's fees incurred in enforcing an arbitration award. *See Alison Group, Inc. v. Ericson*, 181 S.W.3d 670, 675–76 (Tenn. Ct. App. 2005) (citing *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905, 909 (Tenn. Ct. App. 1991)). Lasco's only argument against the award of attorney's fees in the trial court and on appeal is that

-11-

Appellants "are not entitled to attorney's fees . . . as the record supports the trial court's determination." Because we have concluded that the record does not support the trial court's determination, we exercise our discretion to award Appellants their reasonable attorney's fees incurred in enforcing their arbitration award in the trial court and on appeal.

## Conclusion

The judgment of the Chancery Court of Shelby County is reversed and this case is remanded to the trial court for the entry of an order confirming the arbitration award and a determination of Appellants' reasonable attorney's fees incurred in the trial court and on appeal. Costs of this appeal are taxed to Appellee Lasco Inc., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE